FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 30 2011
JAMES W. McCORMACK, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DOUGLAS STANLEY and DEBORAH STANLEY PLAINTIFFS

vs. CASE NO. 1-11-CV-083 BSM

CHARLES CAPPS MINISTRIES, INC.; DIAMOND BLUFF ESTATES, LLC; CHARLES CAPPS and PEGGY CAPPS, INDIVIDUALLY and AS HUSBAND AND WIFE; and ANNETTE CAPPS, INDIVIDUALLY DEFENDANTS

This case assigned to District Judge Miller
and to Magistrate Judge Volpe

COMPLAINT

COME Douglas Stanley and Deborah Stanley, husband and wife, by and through their attorneys, Herbert C. Rule III, Rose Law Firm, a Professional Association, and, for their complaint against the Defendants, Charles Capps Ministries, Inc.; Diamond Bluff Estates, LLC; Charles Capps and Peggy Capps, individually and as husband and wife, and Annette Capps, individually, and as participant in the common development plan described in this complaint, state:

1. Plaintiffs, Douglas Stanley and Deborah Stanley, husband and wife, are residents of Warrenville, Illinois.

2. Charles Capps is a citizen and resident of the State of Oklahoma, or Arkansas, or both, who owns real property and other assets in Cleburne and Lonoke Counties, Arkansas, among other places. Charles Capps is a "retired farmer, land developer and bible teacher" who has a "daily national radio broadcast and a weekly television broadcast aired over several networks called 'Concepts of Faith.'" Additional information about Mr. Capps is shown on his

website, "charlescapps.com." Peggy Capps is married to Charles Capps and is a resident of the State of Oklahoma and likewise owns real property and other assets in Cleburne and Lonoke Counties, Arkansas, among other places, and has engaged with Charles Capps in the conduct alleged in this complaint. Peggy Capps ("Mrs. Capps") is associated with Charles Capps in his ministry and the acts alleged in this complaint. The Capps "have continued to reside in Arkansas" according to their website.

3. Annette Capps is a citizen and resident of the State of Oklahoma. She is "involved in the ministry" of Charles Capps Ministries and owns or has owned property in Cleburne County, Arkansas and perhaps other counties in Arkansas and participated in the common development and sale of properties in Cleburne County, Arkansas pursuant to the common promotional plan involving the Capps Defendants and others.

4. Diamondhead Estates, LLC is a real estate development in Cleburne County, Arkansas, consisting of in excess of 200 acres which has and is being developed by Mr. and Mrs. Charles Capps, Annette Capps, Charles Capps Ministries, Inc. (collectively, "Capps Defendants") and other entities.

5. The subject of this lawsuit is Lot 153, Diamond Bluff Estates, Cleburne County, Arkansas owned by the Plaintiffs and purchased from Charles Capps Ministries, Inc. by Warranty Deed, a copy of which is attached as Exhibit 1.

6. Charles Capps Ministries, Inc. ("Ministries") is a non-profit corporation engaged in various ministries and in the real estate development business, as indicated by the Warranty Deed attached as Exhibit 1, and other activities alleged in this complaint.

7. Deborah and Douglas Stanley came to Arkansas searching for a retirement home in 2005. Their search led them to agents of Ministries and the Capps Defendants who showed

them, among other properties, Lot 153, Diamond Bluff Estates. Defendants, or some of them, and their agents represented to Mr. and Mrs. Stanley that the lots in Diamond Bluff Estates, including Lot 153, were accessible by passable roads constructed by the Capps Defendants or their contractors and served by water and sanitary sewer. They further represented that the lots, including Lot 153, were buildable, accessible and habitable for construction of the residence the Stanleys planned to build. Relying on the representations made by Ministries, the Capps Defendants and their agents, or some of them, Mr. and Mrs. Stanley purchased Lot 153, Diamond Bluff Estates for the principal sum of $230,000.00 paid in cash, plus additional charges at closing in return for which they received a Warranty Deed, a copy of which is attached as Exhibit 1. The closing statement for their purchase is attached as Exhibit 2.

8. Within the last 5 to 6 months, Mr. and Mrs. Stanley have learned that access to their lot has been rendered periodically impassable due to landslides, and that access to their lot cannot be permanently repaired or protected; that their lot is not usable for building a home; that the water and sewer system serving Lot 153 and other property developed by the Capps Defendants and Ministries is subject to significant design and other defects which make it non-compliant with state laws and regulations and frequently unusable and unreliable; that the property they bought is subject to landslides and great damage, as has been suffered by several neighboring properties.

9. Diamond Bluff Estates is part of a large real estate development operated by Ministries and the Capps Defendants, or some of them, and developed and administered as a common project. Mr. and Mrs. Stanley were given no copy of a report as required prior to their purchase or information that would be contained in a true and accurate Property Report required by the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. §§ 1701—1719.

10. On inquiry, Mr. and Mrs. Stanley also learned in recent months that the value of their property has been destroyed by the defects and failures described above to the point that it is not marketable and was not at the time they purchased it.

11. The Stanleys have also learned, by local inquiry, and from their investigations, other residents, real estate agents and county officials that the Diamond Bluff Estates, including the lot they own, is subject to continuing landslides and instability which cannot be repaired and which will continue to occur due to the instability of the surrounding property.

12. The matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. This Court has jurisdiction over the Defendants, and the venue is proper.

COUNT I

13. Plaintiffs reallege and incorporate each and every allegation contained in paragraphs 1 through 12 above as if fully set forth herein.

14. Ministries and the other related Defendants are liable to Mr. and Mrs. Stanley for breach of the warranties contained in the Warranty Deed attached as Exhibit 1, including, but not limited to, warranties of quiet enjoyment and access.

15. Mr. and Mrs. Stanley are entitled to recover the purchase price and all of their expenses incurred in the purchase and ownership of Lot 153, Diamond Bluff Estates, together with interest from the date of purchase, other damages alleged herein, their attorney's fees and costs.

16. Mr. and Mrs. Stanley hereby tender the return of the property sold to them by Ministries, the original of which shall be delivered to Ministries upon repayment of the purchase price, together with all additional costs and damages as stated herein, plus interest from the date

of purchase, attorney's fees and costs. A copy of the Quitclaim Deed tendered by Mr. and Mrs. Stanley is attached as Exhibit 3, which will be delivered upon receipt by Mr. and Mrs. Stanley of payment of the damages to which they are entitled.

COUNT II

17. Plaintiffs reallege and incorporate each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

18. Mr. and Mrs. Stanley reasonably relied on the representations about the property made by the Capps Defendants and their agents in deciding to purchase the property.

19. As recited above, the representations made by the Capps Defendants and their agents were false and misleading, and they knew or should have known that they were false and misleading, or, in the alternative, the Defendants took no reasonable steps to determine the truth or falsity of the representations made to Mr. and Mrs. Stanley.

20. Mr. and Mrs. Stanley's reliance upon the representations made to them by the Capps Defendants, or some of them, which have proven false, was justifiable and reasonable, and they have been damaged by their reliance upon those false representations.

21. Mr. and Mrs. Stanley are entitled to damages in the amount of the purchase price paid for Lot 153, plus costs and expenses of investigating the true condition of the lot, suffered by reason of their reasonable reliance upon the false representations made by the Capps Defendants, or some of them, and their agents concerning the condition and usability of the lot purchased by the Stanleys and failure to disclose conditions which would give Mr. and Mrs. Stanley complete and accurate knowledge of the lot's true value.

COUNT III

22. Plaintiffs reallege and incorporate each and every allegation contained in paragraphs 1 through 21 above as if fully set forth herein.

23. Ministries and the other Capps Defendants and their agents used the means and instruments of transportation and communication in interstate commerce, including mail, to sell the lots in their unregistered subdivision without property reports or statement of registration as required by law, including the sale to the Plaintiffs. The failure to file the required property report and statement of record, as required by the ILSFDA, amounted to the disguise of the condition of the property being offered for sale, specifically Lot 153, purchased by the Stanleys, including, but not limited to, the failure to mention and the failure to disclose the inaccessibility of the lot; the instability of the property making it subject to landslides and earth movement; the ownership, repair, construction of streets; the absence of any engineering reports; the absence of control of operation and construction, payment for the water and sewer systems, the existence of landslides, making the property unusable or subjecting it to destruction.

24. Ministries and the Capps Defendants obtained money from the Stanleys by means of untrue statements made by them and their agents and the omission of statements of material facts such as those mentioned herein in order to make the statements, in the light of the circumstances in which they were made and in the context of the overall sale of Lot 153, not misleading.

25. The failure to disclose the true condition and defects in the property recited herein and the effects of those conditions and defects on the value of the property purchased by the Stanleys constituted misrepresentation and false dealing, which amounts to fraud. The Stanleys relied upon information received from Ministries and the Capps Defendants and their agents in

purchasing the property and have been harmed by the failure to disclose all material facts the Stanleys have since discovered about Lot 153 and other lots under the common promotional plan by Ministries and the Capps Defendants, including up to 200 acres of contiguous property, as reflected in the real estate records of Cleburne County, Arkansas and the record showing that Ministries and other Capps Defendants had, from the period of 1989 through 2004, filed plats and bills of assurance for multiple subdivisions they developed along with other property developed in a common promotional plan involving many of the same individuals and entities, but not yet discovered by the Plaintiffs because, on information and belief, some of the developments have been managed and operated through the use of different names from the name "Capps" or "Diamond Bluff."

26. The Plaintiffs have been damaged by the continued and ongoing violation of the ILSFDA and their reasonable reliance upon information given them by Ministries, the Capps Defendants and their agents and their failure to disclose material facts which had a negative effect on the value of the property and its value to the Plaintiffs, and omission and concealment of material facts known, or that could have been known by the use of reasonable diligence, by Ministries and the Capps Defendants and their agents. The damages suffered by the Plaintiffs include the loss of value of their property, interest, inability to use the property for the purposes for which it was purchased, costs and reasonable attorney's fees incurred for protection of their rights and property.

27. In the alternative, Plaintiffs allege that they are entitled to rescission of their purchase of Lot 153 and return of all their money together with interest, costs and reasonable attorney's fees as provided by the ILSFDA.

28. The Plaintiffs demand trial by a jury of their peers of all fact issues present in their claim.

WHEREFORE, Douglas Stanley and Deborah Stanley, husband and wife, pray for damages against Defendants Charles Capps Ministries, Inc.; Diamond Bluff Estates, LLC and other defendants shown to have acted in concert with them in the offering, marketing, common development and sale of Lot 153, Diamond Bluff Estates, and other properties under a common development plan by the Defendants, including, but not limited to, the return of the purchase price of $230,000.00, together with all additional costs expended in connection with their ownership; investigation to determine the true condition of the property; interest; attorney's fees; costs; and all other proper relief.

Plaintiffs, Douglas and Deborah Stanley, demand a trial by jury of all the issues of fact contained in this complaint or raised at trial.

ROSE LAW FIRM,
a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201
(501) 375-9131

By:______________________________
Herbert C. Rule III, ABA No. 64037
Attorneys for Plaintiff

VERIFICATION

STATE OF ILLINOIS )
COUNTY OF Kendall )

I, Douglas Stanley, state on oath that the facts set forth in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

Douglas Stanley

SUBSCRIBED and SWORN TO before me, a Notary Public for and within the County and State aforesaid, this 25th day of August, 2011.

Notary Public

My Commission Expires:
9/25/13

OFFICIAL SEAL
SUE L BRADFORD
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/25/13

STATE OF ILLINOIS )
COUNTY OF Kendall )

I, Deborah Stanley, state on oath that the facts set forth in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

Deborah Stanley

SUBSCRIBED and SWORN TO before me, a Notary Public for and within the County and State aforesaid, this 25th day of August, 2011.

Notary Public

My Commission Expires:
9/25/13

OFFICIAL SEAL
SUE L BRADFORD
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/25/13

Mail Tax Statements To:
M/M Douglas A. Stanley
3 S. 611 Landon Drive
Warrenville, AR 60555




Certificate of Record
State of Arkansas, County of Cleburne
KAREN GILES, CIRCUIT CLERK
Filed & Recorded in Cleburne County
Date 05/24/2006, 10:24:13 AM
Fees $17.00
DOC # 200603545
Karen Giles, Clerk
D.C.

# WARRANTY DEED

KNOW ALL BY THESE PRESENTS:

That CHARLES CAPPS MINISTRIES, INC., a corporation organized under and by virtue of the laws of the State of Oklahoma, by its President and Secretary, duly authorized by proper resolution of its Board of Directors, and CHARLES CAPPS, (Individually), and as Attorney-in-Fact for PEGGY CAPPS, (Individually), his wife pursuant to Power of Attorney dated November 30, 1982, and recorded in Book 242, at Pages 251-252 of the records of Cleburne County, Arkansas, GRANOTRS, for and in consideration of the sum of TWO HUNDRED THIRTY THOUSAND AND NO/100-------DOLLARS ($230,000.00), cash in hand paid by DOUGLAS A. SATNLEY AND DEBORAH A. STANLEY, HUSBAND AND WIFE, GRANTEES, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell and convey unto the Grantee and unto their heirs and assigns forever, the following described lands located in the County of **Cleburne**, State of Arkansas:

> Lot Number One Hundred Fifty-three (153), Plat 9, Diamond Bluff Estates Subdivision, Cleburne County, Arkansas, as filed February 24, 2003, in the Plat Records of Cleburne County, Arkansas.
>
> Subject to the reservations, limitations and restrictions set forth in the Plat and Bill of Assurance, and any amendments thereto, as recorded in the records of Cleburne County, Arkansas.

TO HAVE AND TO HOLD the same unto the said GRANTEES and unto their heirs, and assigns forever, with all appurtenances and hereditaments thereunto belonging.




f 4



5/15/06 10:35 AM

OMB No. 2502-0265

**A. U.S. Department of Housing and Urban Development**

**Settlement Statement**

To Buyer w/ Note

**B. Type of Loan**

1. [ ] FHA 2. [ ] FMHA 3. [ ] Conv. Unins. 4. [ ] VA 5. [ ] Conv. Ins. [X] Other.

| 6. File Number | 7. Loan Number |
|---|---|
| C031706 | |

**8. Mortgage Ins. Case No.**

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked ("POC") were paid outside the closing: they are shown here for information purposes and are not included in the totals.

**D. Name of Borrower:** Douglas A. Stanley, 3 S.611 Landon Drive, Warrenville, IL 60555
Deborah A. Stanley, 3 S.611 Landon Drive, Warrenville, IL 60555

**E. Name of Seller:** Charles Capps Ministries, Inc., 17555 Hwy. 31 South, England, AR 72116
Charles Capps, 17555 Hwy. 31 South, England, AR 72116
Peggy Capps, 17555 Hwy. 31 South, England, AR 72116

**F. Name of Lender:**

**G. Property Location:** Lot 153, Diamond Bluff Estates

**H. Settlement Agent:** Cornerstone Title & Escrow Services, Inc. (501) 362-9600 **TIN:** 51-0432278
**Place of Settlement:** 117 South Third Street, Heber Springs, AR 72543

**I. Settlement Date:** 5/22/2006 **Proration Date:** 5/22/2006

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross amount due from borrower:** | | **400. Gross amount due to seller:** | |
| 101. Contract sales price | 230,000.00 | 401. Contract sales price | 230,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 574.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross amount due from borrower:** | 230,574.00 | **420. Gross amount due to seller:** | 230,000.00 |
| 200. Amounts paid by or in behalf of the borrower | | 500. Reductions in amount due to seller | |
| 201. Deposit or earnest money | 3,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 24,503.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. 2005 Taxes #002-01321-065 | 163.05 |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes 1/1/2006 to 5/22/2006 | 62.99 | 511. County taxes 1/1/2006 to 5/22/2006 | 62.99 |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. [illegible] | 3,062.99 | **520. Total reduction in amount due seller:** | 24,729.04 |
| 300. [illegible] | | 600. Cash at settlement to/from seller | |
| 301. [illegible] | 230,574.00 | 601. Gross amount due to seller (line 420) | 230,000.00 |
| 302. [illegible] | [illegible] | 602. Less total reduction in amount due seller (line 520) | 24,729.04 |
| 303. [illegible] | [illegible] | 603. CASH [illegible] SELLER | 205,270.96 |

[illegible] lines 403 and 404), 406, 407 [illegible] and is being furnished to the Internal Revenue Service. If you are [illegible] if this item is required to be reported and the IRS determines that it has not been reported.

EXHIBIT 2

| | | | | |
|---|---|---|---|---|
| 110. | | 410. | | |
| 111. | | 411. | | |
| 112. | | 412. | | |
| **120. Gross amount due from borrower:** | 230,574.00 | **420.** | **Gross amount due to seller:** | 230,000.00 |
| 200. Amounts paid by or in behalf of the borrower | | 500. | Reduction in amount due to seller | |
| 201. Deposit or earnest money | 3,000.00 | 501. | Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. | Settlement charges to seller (line 1400) | 24,503.00 |
| 203. Existing loan(s) taken subject to | | 503. | Existing loan(s) taken subject to | |
| 204. | | 504. | Payoff of first mortgage loan | |
| 205. | | 505. | Payoff of second mortgage loan | |
| 206. | | 506. | | |
| 207. | | 507. | 2005 Taxes #002-01321-065 | 163.05 |
| 208. | | 508. | | |
| 209. | | 509. | | |
| Adjustments for items unpaid by seller | | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. | City/town taxes | |
| 211. County taxes 1/1/2006 to 5/22/2006 | 62.99 | 511. | County taxes 1/1/2006 to 5/22/2006 | 62.99 |
| 212. Assessments | | 512. | Assessments | |
| 213. | | 513. | | |
| 214. | | 514. | | |
| 215. | | 515. | | |
| 216. | | 516. | | |
| 217. | | 517. | | |
| 218. | | 518. | | |
| 219. | | 519. | | |
| **220. Total paid by/for borrower:** | 3,062.99 | **520.** | **Total reduction in amount due seller:** | 24,729.04 |
| 300. Cash at settlement from/to borrower | | 600. | Cash at settlement to/from seller | |
| 301. Gross amount due from borrower (line 120) | 230,574.00 | 601. | Gross amount due to seller (line 420) | 230,000.00 |
| 302. Less amount paid by/for borrower (line 220) | 3,062.99 | 602. | Less total reduction in amount due seller(line 520) | 24,729.04 |
| **303. CASH (X)FROM ()TO BORROWER** | 227,511.01 | **603.** | **CASH ()FROM (X)TO SELLER** | 205,270.96 |

**SUBSTITUTE FORM 1099 SELLER STATEMENT** - The information contained in Blocks E, G, H and I and on line 401 (or, if line 401 is asterisked, lines 403 and 404), 406, 407 and 408-412 (applicable part of buyer's real estate tax reportable to the IRS) is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

**SELLER INSTRUCTION** - If this real estate was your principal residence, file form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of form 4797, Form 6252 and/or Schedule D (Form 1040).

You are required by law to provide Cornerstone Title & Escrow Services, Inc. (501) 362-9600 with your correct taxpayer identification number.

If you do not provide Cornerstone Title & Escrow Services, Inc. (501) 362-9600 with your correct taxpayer identification number, you may be subject to civil or criminal penalties.

CHARLES CAPPS MINISTRIES, INC.

Douglas A. Stanley

Charles Capps, President/Secretary

Deborah A. Stanley

Charles Capps, Individually

Peggy Capps, Individually, By: Charles Capps, POA

**ACKNOWLEDGMENT**

STATE OF ARKANSAS )
)ss.
COUNTY OF CLEBURNE )

On this day, personally appeared before me CHARLES CAPPS, (Individually), and PEGGY CAPPS, (Individually) by and through Charles Capps, her Attorney-in-Fact, to me well known as the person whose name is subscribed to the within instrument and stated that he had executed the same for the consideration, uses, purposes and in the capacity therein mentioned and set forth.

IN WITNESS WHEREOF, I hereunto set my hand and seal on this 22nd day of May, 2006.

Notary Public

My Commission Expires:

(S E A L)

OFFICIAL SEAL
R.D. WILKINSON
NOTARY PUBLIC-STATE OF ARKANSAS
CLEBURNE COUNTY
MY COMMISSION EXPIRES 10-26-2015

I certify under penalty of false swearing that at least the correct amount of documentary stamps have been placed on this instrument.

Signed ______
Grantee Agent

And GRANTORS hereby covenant with the said GRANTEES that they will forever warrant and defend the title to said lands against all lawfull claims whatever.

And we, the GRANTORS for all and in consideration of the said sum of money, do hereby release and relinquish unto the GRANTEES all our right of dower, curtesy and homestead in and to the said land.

IN TESTIMONY WHEREOF, the name of the corporation hereunto affixed by its President and Secretary, and Charles Capps (Individually) and Peggy Capps, (Individually), by and through Charles Capps, her attorney-in-fact, on this 22nd day of May, 2006.

CHARLES CAPPS MINISTRIES, INC

By: ______________________
Charles Capps, (President/Secretary)

______________________
Charles Capps, (Individually)

______________________
Peggy Capps, (Individually)
BY: Charles Capps, her Attorney-in-fact

This Instrument prepared by:
Rose Law Firm,
a Professional Association
120 East Fourth Street
Little Rock, AR 72201
(501) 375-9131

**QUITCLAIM DEED**

KNOW ALL MEN BY THESE PRESENTS:

That we, DOUGLAS A. STANLEY and DEBORAH A. STANLEY, husband and wife ("GRANTORS"), for and in consideration of the sum of ONE DOLLAR ($1.00) and for other good and valuable consideration, in hand paid by CHARLES CAPPS MINISTRIES, INC. ("GRANTEE"), the receipt of which is hereby acknowledged, do hereby grant, convey, sell and quitclaim unto the said GRANTEE, and unto its successors and assigns forever, all our right, title, interest and claim in and to the lands situated in the County of Cleburne, State of Arkansas, described as follows:

> Lot Number One Hundred Fifty-three (153), Plat 9, Diamond Bluff Estates Subdivision, Cleburne County, Arkansas, as filed February 4, 2003, in the Plat Records of Cleburne County, Arkansas.
>
> Subject to the reservations, limitations and restrictions set forth in the Plat and Bill of Assurance, and any amendments thereto, as recorded in the records of Cleburne County, Arkansas.

TO HAVE and TO HOLD the same unto the said GRANTEE and unto its successors and assigns forever, with all appurtenances thereunto belonging.

And I, DEBORAH A. STANLEY, wife of said DOUGLAS A. STANLEY, for and in consideration of the said sum of money, do hereby release and relinquish unto the said GRANTEE, and unto its successors and assigns forever, all of my right and possibility of dower and homestead in and to the above-described property.

IN WITNESS WHEREOF, we have hereunto set our hands this 25 day of August, 2011.

Douglas A. Stanley

Deborah A. Stanley

I certify under penalty of perjury that the correct amount of Documentary stamps required by law have been placed on this Instrument. Exempt or no consideration paid if none shown
GRANTEE OR AGENT: ____________
GRANTEE'S ADDRESS: ____________

EXHIBIT
3

**ACKNOWLEDGMENT**

**STATE OF** Illinois )
) **ss.**
**COUNTY OF** Kendall )

BE IT REMEMBERED, that on this day came before me, a Notary Public, duly commissioned, qualified and acting within and for the State and County aforesaid, the within named Douglas A. Stanley and Deborah A. Stanley, husband and wife, to me well known, and stated that they had executed the foregoing instrument for the consideration and purposes therein mentioned and set forth.

WITNESS my hand and seal as such Notary Public on this 25th day of August, 2011.

Sue R Bradford
Notary Public

My Commission Expires:
9/25/13

OFFICIAL SEAL
SUE L BRADFORD
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/25/13