**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS STANLEY and | ) | |
| DEBORAH STANLEY | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1-11-CV-083 BSM |
| | ) | |
| CHARLES CAPPS MINISTRIES, INC.; | ) | |
| DIAMOND BLUFF ESTATES, LLC; | ) | |
| CHARLES CAPPS and PEGGY CAPPS, | ) | |
| INDIVIDUALLY and AS HUSBAND | ) | |
| AND WIFE; and ANNETTE CAPPS, | ) | |
| INDIVIDUALLY | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANTS CHARLES CAPPS MINISTRIES, INC.,
CHARLES CAPPS, AND PEGGY CAPPS' MOTION TO DISMISS**

COME NOW, Defendant Charles Capps Ministries, Inc., Defendant Charles Capps and Defendant Peggy Capps, individually and as husband and wife, (hereinafter collectively referred to as "Defendants"), by and through their counsel of record Andy L. Turner of the Laser Law Firm, and move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing Plaintiffs' Complaint for failure to state a claim upon which relief may be granted. In support of this Motion, Defendants state and allege as follows:

**INTRODUCTION**

On May 22, 2006, Plaintiffs purchased Lot 153 in Diamond Bluff Estates in Cleburne County from Defendant Charles Capps Ministries, Inc., Defendant Charles Capps, and Defendant Peggy Capps. [¶5 of Complaint; Ex. 1 and Ex. 2 of Complaint, Doc. #1.] Plaintiffs allege that Diamondhead Estates, LLC [sic] is "a real estate development in Cleburne County, Arkansas, consisting of in excess of 200 acres which has and is being developed by Mr. and Mrs.

1

Charles Capps, Annette Capps, Charles Capps Ministries, Inc., and other entities." [¶4 of Complaint, Doc. #1.] Plaintiffs allege three counts or causes of action against Defendants as follows: Count I - breach of warranties in a warranty deed, Count II - making false representations, and Count III - violation of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.* [¶¶ 13-28 of Complaint, Doc. #1.] Plaintiffs' Complaint fails to state a claim upon which relief can be granted because it fails to allege any facts required to meet the tests articulated by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 67 L. Ed. 2d 929 (2007) and Fed.R.Civ.P. 9(b).

## ARGUMENTS AND AUTHORITIES

### I.      STANDARD FOR MOTION TO DISMISS

Dismissal is proper where the plaintiff's complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "At this stage of the litigation, we accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). To survive a motion under Fed. R. Civ. P. 12(b)(6), the complaint must "be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 67 L. Ed. 2d 929 (2007). In *Twombly* the Supreme Court discarded the "no set of facts" language that has long been used in determining motions to dismiss under Fed.R.Civ.P. 12(b)(6). Stating that this "language has been questioned, criticized, and explained away long enough," the Supreme Court held that "this famous observation has earned its retirement." *Id.* at 562-63.

Following *Twombly*, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. Explaining that "plausibility" means something more than "possibility," the Supreme Court held that it was insufficient for a plaintiff to rely on a "formulaic" and "naked" recitation of the elements, or "a legal conclusion couched as a factual allegation.," *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level," and a "pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3. To state a claim, a complaint must show "circumstances, occurrences, and events in support of the claim presented." *Id.* at 555 n.3 (quotation marks omitted). Where the facts presented in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)(quoting Fed.R.Civ.P. 8(a)(2)). Plaintiffs pled no facts sufficient to raise a right to relief above the speculative level and should be dismissed by this Court.

II.    **COUNT I OF PLAINTIFFS' CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFFS FAILED TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM FOR BREACH OF WARRANTIES CONTAINED IN A WARRANTY DEED.**

Plaintiffs failed to state facts sufficient to allege a breach of the warranties contained in a general warranty deed. In catchall fashion, Plaintiffs allege that Defendants breached the "warranties contained in the Warranty Deed…including, but not limited to, warranties of quiet enjoyment and access." [¶14 of Complaint, Doc. #1.] Other than the warranty of quiet enjoyment and the fictional warranty of "access," Plaintiffs fail to allege with any specificity what other warranties have been breached.

When a conveying instrument utilizes the words "grant, bargain and sell," Ark. Code Ann. § 18-12-102(b) relates that the express covenants bestowed upon a grantee include "an indefeasible estate in fee simple, free from encumbrance done or suffered from the grantor" and also "for the quiet enjoyment thereof against the grantor" and free from the "claim and demand of all other persons whatever." The warranty deed alleged and attached to the Complaint as Exhibit 1 contains the words "grant, bargain, sell and convey" and includes the covenants described in Ark. Code Ann. § 18-12-102(b). The Arkansas Supreme Court described the usual covenants of title in a general warranty deed in *Turner v. Eubanks*, 26 Ark.App. 22, 26, 759 S.W.2d 37, 39 (1988), opining:

> The usual covenants of title in a general warranty deed are the **covenants of seisen, good right to convey, against incumbrances, for quiet enjoyment and general warranty**. *Logan v. Moulder*, 1 Ark. 313, 320 (1839); see also *Proffitt v. Isley*, 13 Ark.App. 281, 283, 683 S.W.2d 243 (1985). [Emphasis supplied.]

Arkansas jurisprudence recognizes essentially five covenants of title in a warranty deed- (i) seisen, (ii) good right to convey, (iii) free from encumbrance, (iv) quiet enjoyment, and (v) general warranty. Plaintiffs' Complaint alleges, in summary fashion, that Defendants breached all the covenants contained in the warranty deed. Plaintiffs failed to state facts sufficient to allege a claim for breach of *any* of the five recognized warranties that are usually contained in a warranty deed. Plaintiffs also attempt to create new Arkansas jurisprudence by alleging Defendants breached the covenant of "access." The warranty of "access" is a fictional covenant created by Plaintiffs and is not recognized under Arkansas law.

Plaintiffs failed to state any facts sufficient to allege a claim for breach of the covenant of seisen or "good right to convey." In *Bosnick v. Hill*, 292 Ark. 505, 507, 731 S.W.2d 204, 206 (1987), the Arkansas Supreme Court described the covenant of seisin as being breached "if the grantor has not the possession, the right of possession and the complete title." Plaintiffs'

4

Complaint contains no allegations as to Defendants failing to deliver possession or good title at the time of closing. According to the treatise 20 Am. Jur. 2d *Covenants, Etc.* § 82, the "good right to convey" and seisin are similar:

> In making the covenant of seisin, a grantor warrants that the grantor is seized of the estate the deed purports to convey. Seisin has been described as synonymous with the covenant of good right to convey, and the analysis of whether a grantor breached one of these covenants is the same for either covenant.

There are no allegations in the Complaint contending Defendants failed to deliver possession of title or the complete title at the time of closing on Lot 153.

Plaintiffs also do not allege that Defendants breached the covenant against encumbrances. "An encumbrance is any right to an interest in land which may subsist in third persons, to the diminution of the value of the land, not inconsistent with the passing of title." *Proffitt v. Isley*, 13 Ark.App. 281, 283, 683 S.W.2d 243, 244 (1985). There are no allegations contained in the Complaint that Defendants transferred Lot 153 subject to an encumbrance, or the superior right of some third party.

Plaintiffs failed to state any facts sufficient to allege a claim for breach of the warranty of quiet enjoyment. According to the treatise 20 Am. Jur. 2d *Covenants, Etc.* § 104, the covenant of quiet enjoyment is breached *only upon eviction by virtue of paramount title*:

> A covenant of quiet enjoyment is broken only by an entry upon, and an expulsion from, the land or some actual disturbance of the possession of the land by virtue of some paramount title or right. In other words, there must be an eviction or ouster, actual or constructive, from the premises conveyed or leased, or some portion thereof, by title paramount. In this context, a "paramount title" is one that would prevail over another title in an action or one that would be otherwise successfully asserted against another's title. (footnotes omitted)

To state a claim for breach of warranty of quiet enjoyment, Plaintiffs must allege that they have been dispossessed of their property by reason of paramount title. The Arkansas Supreme Court in *Hoppes v. Cheek*, 21 Ark. 585, 585 (1860), opined that "[t]o constitute a breach of the covenant

for quiet enjoyment, there must be a union of acts of disturbance and lawful title-a possession by mere intruder, without color of title, through mistake as to the boundary, constitutes no breach of such covenant." Plaintiffs allege that Defendants breached the warranty of quiet enjoyment, but failed to allege whose paramount title disturbs their quiet enjoyment. Plaintiffs allege that landslides and other alleged property defects have disturbed their quiet enjoyment, but fail to allege that their quiet enjoyment has been disturbed by paramount title. Plaintiffs failed to allege any facts concerning paramount title, an element which is indispensable to state a claim for breach of the warranty of quiet enjoyment.

Plaintiffs also failed to allege facts sufficient to state a claim for the breach of warranty contained in the deed. It is well settled that the "covenant of warranty is a protection against known, as well as unknown, defects of title." *Lampkin v. Long*, 226 Ark. 476, 478, 290 S.W.2d 623, 624 (1956) (citing Jones, *Arkansas Titles*, § 397); also see *Gude v. Wright*, 232 Ark. 310, 313, 335 S.W.2d 727, 729 (1960) (holding that "covenants of warranty are taken for protection and indemnity against known and unknown encumbrances or defects in title.") There are no allegations contained in the Complaint that refer to or that can be interpreted as allegations of title defects. Plaintiffs' allegations encompass alleged property defects and not title defects. *Borden v. Litchford*, 619 S.W.2d 715 (Ky. Ct. App. 1981) is instructive as to the principle that the general warranty contained in a deed pertains only to title defects. The plaintiffs in *Litchford* were the purchasers of a newly-built home that they alleged had multiple construction defects. In discussing various warranty issues, the Kentucky Court of Appeals discussed the nature of the warranty contained in a deed, opining:

> In our consumer-oriented society, an inexperienced vendee usually does not fully understand the limited, but important, concept of a warranty deed. **Such warranty relates only to the title to the real property. It does not extend to**

**the quality of the workmanship on the dwelling built on the land.** *Id.* at 717. [Emphasis supplied.]

There are no allegations contained in the Complaint that remotely can be read or interpreted to be allegations of title defects. Plaintiffs failed to state a claim for breach of warranty. Plaintiffs' allegations of wrongdoing against Defendants in Count I relate solely to physical defects and not title defects. For the foregoing reasons, this Court should dismiss Count I of Plaintiffs' Complaint as it relates to these Defendants.

III.    **COUNT II OF PLAINTIFFS' CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFFS FAILED TO ALLEGE SUFFICENT FACTS TO STATE A CLAIM FOR MISREPRESENTATION AGAINST DEFENDANTS.**

Plaintiffs allege in Count II of their Complaint that the Defendants made representations that were false and misleading. [¶¶18-21 of Complaint, Doc. #1.] In catchall fashion, Plaintiffs allege that "Defendants, or some of them, and their agents" represented to them that Lot 153 was "accessible by passable roads," "served by water and sanitary sewer," and "buildable, accessible and habitable for construction of the residence the Stanleys planned to build." [¶7 of Complaint, Doc. #1.] Although Plaintiffs allege a claim for "misrepresentation," such a claim is actually a claim for fraud. "Misrepresentation, also commonly referred to as deceit or fraud, has been an intentional tort in Arkansas for well over a century." *S. County, Inc. v. First W. Loan Co.*, 315 Ark. 722, 725, 871 S.W.2d 325, 326 (1994) (citing *Hanger v. Evins*, 38 Ark. 334 (1881)). Accordingly, Plaintiffs' misrepresentation claim must be examined in terms of a fraud claim.

Plaintiffs fail to allege which Defendants made fraudulent representations to them which form the basis of the Count II claims. According to Fed.R.Civ.P. 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." There are no specific allegations contained in the Complaint which assert which Defendant made what fraudulent representation to Plaintiffs. Plaintiffs' failure to plead with specificity is

compounded by the fact that they have alleged fraud against multiple defendants. In order to

ensure that Defendants have adequate notice of the claims against them, Plaintiffs must indicate

with specificity which Defendants are responsible for which false statements and fraudulent

actions. In *Aboujaoude v. Poinciana Dev. Co. II*, 509 F. Supp. 2d 1266, 1276 (S.D. Fla. 2007),

the plaintiffs sued multiple defendants for fraud and ILSFDA violations, but failed to allege what

specific personal involvement each defendant undertook and the court dismissed those claims

without prejudice, opining:

> Although the Aboujaoudes are correct that Rule 9(b) does not require them to
> provide perfect quotations or exact times, it does require them to allege the basic
> elements of fraud, which they have failed to do. The Aboujaoudes' failure to plead
> with specificity the circumstances constituting fraud are compounded in this case
> because they have alleged fraud against multiple defendants. In order to ensure
> that Defendants have adequate notice of the charges against them, the
> Aboujaoudes must indicate with specificity which Defendant, PDC or Reardon, is
> responsible for which false statements and fraudulent actions. Accordingly,
> Counts V and VI are dismissed without prejudice for failure to adequately plead
> fraud under Rule 9(b).

Plaintiffs' factual allegations of misrepresentation against these Defendants must be "enough to

raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. To state a claim,

Plaintiffs must show "circumstances, occurrences, and events in support of the claim presented."

*Id.* at 555 n.3 (quotations marked omitted). Plaintiffs failed to meet their pleading burden

required by Fed.R.Civ.P. 9(b) and *Twombly*, and Count II of their Complaint must be dismissed

as against these Defendants.

**IV. ANY PART OF PLAINTIFFS' COUNT III CLAIMS, BASED UPON 15 U.S.C. §1703(a)(1), §1703(a)(2)(D), §1703(b), §1703(c), §1703(d), or §1703(e), MUST BE DISMISSED BECAUSE THE STATUTE OF LIMITATIONS HAS RUN ON THOSE CLAIMS; FURTHER PLAINTIFFS' §1703(a)(2) ILSFDA CLAIMS MUST BE DISMISSED FOR FAILURE TO PLEAD WITH PARTICULARITY.**

Plaintiffs allege in Count III of their Complaint that Defendants violated the provisions of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §1701 *et seq*. by (i) failing to provide Plaintiffs with a copy of a report prior to closing; and (ii) disguising the condition of Lot 153 and failing to mention and disclose the "inaccessibility of the lot; the instability of the property making it subject to landslides and earth movement; the ownership, repair, construction of streets; the absence of any engineering reports; the absence of control of operation and construction, payment for the water and sewer system, and the existence of landslides." [¶¶9, 23 of Complaint, Doc. #1.] The Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq*. (hereinafter "ILSFDA") is an antifraud statute utilizing disclosure as its primary tool, much like the securities laws passed by Congress to protect purchasers from unscrupulous sales of undeveloped home sites. *Winter v. Hollingsworth Properties, Inc.*, 777 F.2d 1444, 1446-47 (11th Cir. 1985).

Plaintiffs allege that Defendants violated the ILSFDA, but Plaintiffs' Complaint does not specify the statutory basis for their ILSFDA claims. 15 U.S.C. §1703 entitled "Requirements respecting sale or lease of lot" identifies a list of unlawful acts and omissions in regard to the sale of lots. Plaintiffs' Complaint alleges a violation of the §1703(a)(1) disclosure provisions and §1703(a)(2) anti-fraud provisions. Plaintiffs' allegations also implicate the provisions of §1703(c) and §1703(e), which provide that purchasers may revoke the purchase of lots and receive back their purchase money in certain circumstances. As alleged by Plaintiffs, a private right of action exists in the ILSFDA for aggrieved purchasers of lots. 15 U.S.C. §1709(a) provides that "[a] purchaser or lessee may bring an action at law or in equity against a developer or agent if the sale or lease was made in violation of section 1703(a) of this title." 15 U.S.C. §1709(b) provides that "[a] purchaser or lessee may bring an action at law or in equity against

the seller or lessor (or successor thereof) to enforce any right under subsection (b), (c), (d), or (e) of section 1703 of this title."

Plaintiffs' private right of action as to violations of the ILSFDA may only be maintained if initiated within the relevant limitations period reflected in 15 U.S.C. §1711, which provides:

*(a) Section 1703(a) violations*

*No action shall be maintained under section 1709 of this title with respect to—*

*(1) a violation of subsection (a)(1) or (a)(2)(D) of section 1703 of this title more than three years after the date of signing of the contract of sale or lease; or*

*(2) a violation of subsection (a)(2)(A), (a)(2)(B), or (a)(2)(C) of section 1703 of this title more than three years after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence.*

*(b) Section 1703(b) to (e) violations*

*No action shall be maintained under section 1709 of this title to enforce a right created under subsection (b), (c), (d), or (e) of section 1703 of this title unless brought within three years after the signing of the contract or lease, notwithstanding delivery of a deed to a purchaser.*

All of Plaintiffs' Count III ILSFDA claims that flow from §1703(a)(1), §1703(a)(2)(D), §1703(b), §1703(c), §1703(d), and §1703(e) are barred by the three year statute of limitations contained in §1711(a)(1) and §1711(b). The three year limitations period begins when the parties execute a sales contract. Although no sales contract is appended to the Complaint and there are no allegations concerning the execution of a sales contract, there is authority that execution of a deed should be considered a contract for sale under the ILSFDA. See *Newell v. High Vista, Inc.*, 479 F. Supp. 97, 99 (M.D. Pa. 1979) (citing *Gaudet v. Woodlake Development Company*, 413 F.Supp. 486, 488 (D.La.1976)). According to the allegations contained in the Complaint, the sale was consummated on May 22, 2006 by Defendants Charles Capps Ministries, Inc., Peggy Capps

and Charles Capps executing the warranty deed which is attached to the Complaint as Exhibit 1. Plaintiffs filed this case on September 30, 2011, a date which is more than five years beyond execution of the deed and two years beyond the applicable statute of limitations for claims based upon §1703(a)(1), §1703(a)(2)(D), §1703(b), §1703(c), §1703(d), and §1703(e). For this reason, all of Plaintiffs' Count III ILSFDA claims, based upon the aforementioned provisions of the ILSFDA, must be dismissed and stricken as barred by the applicable statute of limitations.

Plaintiffs' Count III ILSFDA claims are therefore restricted to only those claims contained in §1703(a)(2)(A)-(C). These remaining ILSFDA claims sound in fraud. As discussed, infra, Plaintiffs failed to plead their fraud claims with particularity and grouped all Defendants together in their pleadings. Plaintiffs pled their ILSFDA claims (Count III) in this same fashion. Because of this style of pleading, Defendants are unable to determine what specific claims and allegations are pending against which Defendant. The *Poinciana Dev. Co.* case discussed in Section III infra, is directly on point as the plaintiff in that case alleged state law fraud claims and ILSFDA claims under §1703(a)(2)(A)-(C). *Poinciana Dev. Co.*, 509 F. Supp. at 1276. The *Poinciana Dev. Co.* court dismissed the plaintiffs' ILSFDA claims for failure to plead their claims with particularity pursuant to Fed.R.Civ.P 9(b). *Id.* So too, this Court should dismiss all of Plaintiffs' remaining ILSFDA claims for failure to plead them with particularity.

## CONCLUSION

Plaintiffs' Complaint is insufficient to carry their burden under *Twombly* and Fed.R.Civ.P. 9(b), and Defendants' Motion to Dismiss should be granted.

Respectfully submitted,

Laser Law Firm, P.A.
101 S. Spring Street, Suite 300
Little Rock, AR 72201-2488
(501) 376-2981

By:   /s/  Andy L. Turner
Andy L. Turner  (Bar #97-145)
aturner@laserlaw.com

## CERTIFICATE OF SERVICE

I, Andy L. Turner, hereby certify that onNovember 14, 2011, November 14, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Herbert C. Rule, III
hrule@roselawfirm.com

/s/  Andy L. Turner
Andy L. Turner (Bar #97-145)
Attorney for Defendant
Laser Law Firm, P.A.
101 S. Spring Street, Suite 300
Little Rock, AR 72201
(501) 376-2981
aturner@laserlaw.com