IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DOUGLAS STANLEY and DEBORAH STANLEY**                                **PLAINTIFFS**

vs.                            **CASE NO. 1-11-CV-083 BSM**

**CHARLES CAPPS MINISTRIES, INC.; DIAMOND BLUFF
ESTATES, LLC; CHARLES CAPPS and PEGGY CAPPS,
INDIVIDUALLY and AS HUSBAND AND WIFE; and
ANNETTE CAPPS, INDIVIDUALLY**                                          **DEFENDANTS**

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

Plaintiffs, Douglas Stanley and Deborah Stanley, by their counsel, in response to the Defendants' Motions to Dismiss, state that the Defendants have filed three separate "Motions to Dismiss," in which the Motion and Brief are combined, duplicated and equally lacking merit[1].

To minimize duplication and present concise responses, which we hope will save the Court's time, Plaintiffs' counsel are filing this single response to all 3 Motions, responding to all of the points raised by the Defendants.

We deal first with the arguments made solely by Defendant Diamond Bluff Estates, LLC ("Diamond Bluff"):

1. **REQUEST FOR JUDICIAL NOTICE**; and

2. **CLAIMS AGAINST DIAMOND BLUFF OCCURRED BEFORE IT WAS FORMED.**

---

[1] Defendants' motions to dismiss are defective in that they fail to comply with Local Rule 7.2(e) which states that a motion to dismiss "…shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief." See *Hollowell v. Gravett*, 118 F.R.D. 473 (E.D. Ark. 1987). Nonetheless, to avoid delay in joining the issues, Plaintiffs are responding to the motions in this consolidated "Response" and a separate consolidated brief which contains their arguments and authorities in support of their single Response to all Motions in the manner set out herein.

Then we respond to the arguments common to all of the Defendants:

3. **STANDARD FOR MOTION TO DISMISS;**

4. **COUNT I STATES SUFFICIENT FACTS TO SHOW BREACH OF WARRANTY;**

5. **COUNT II STATES SUFFICIENT FACTS TO SHOW MISREPRESENTATION;**

6. **COUNT III STATES FACTS SUFFICIENT TO SHOW VIOLATION OF ILSFDA AND TOLLING OF LIMITATIONS.**

The Stanleys' Response and supporting brief proceed in this order.

1. **REQUEST FOR JUDICIAL NOTICE.** Diamond Bluff asks that the Court take judicial notice of Exhibit A to Diamond Bluff's Motion, which is a certified copy of its Articles of Organization filed December 14, 2009 with the Arkansas Secretary of State. The Stanleys have no objection to Diamond Bluff's request that the Court take judicial notice of Exhibit A to its Motion.

2. **CLAIMS AGAINST DIAMOND BLUFF ESTATES, LLC ("DIAMOND BLUFF") OCCURRED BEFORE IT WAS FORMED.** The Stanleys deny paragraph II of Diamond Bluff's Motion to Dismiss. The fact that Diamond Bluff was not incorporated until after the deed to the Stanleys in 2005 is not conclusive of its liability, since it is alleged that Diamond Bluff is the alter ego of the individual Defendants, or some of them, and is part of a "common promotional plan" under which all of the Defendants are, and have been, acting in concert to offer lots for sale on contiguous land known, designated and advertised as a common unit or by a common name, for the benefit of all of them as individuals, interested owners,

officers, agents or employees of each of them, as alleged in more detail in the complaint. See 15 U.S.C. § 1701(4). The Complaint also alleges factually that Diamond Bluff joined with the other Defendants to conceal the landslides and deficiencies in the roads, water system and destruction of access, thus tolling any statute of limitations. This aspect of the response is discussed in more detail in paragraph 6 below.

3. **STANDARD FOR MOTION TO DISMISS.** The Stanleys deny that their Complaint has "pleaded no facts sufficient to raise a right to relief above the speculative ... " as claimed in paragraph II of Defendant Diamond Bluff's Motion to Dismiss and in paragraph I of Defendants' Annette Capps, Ministries, Charles Capps and Peggy Capps' Motions to Dismiss titled "Standard for Motion to Dismiss." The Complaint meets and exceeds the requirement that it contain factual content that allows the Court to draw the reasonable inference that the Defendants are liable for the misconduct alleged.

4. **COUNT I STATES SUFFICIENT FACTS TO SUPPORT CLAIM FOR BREACH OF WARRANTY.** Ministries, with Charles Capps as president, Annette Capps as secretary, and Peggy Capps as a Grantor, filed a Bill of Assurance and Protective Covenants for Diamond Bluff Estates Subdivision as early as November 27, 1985 and continued, individually and in corporate form, in furtherance of a common promotional plan to make warranties of access, quiet enjoyment and usability to the Plaintiffs and the public at large. Paragraphs 2, 3, 4, 6, 8, 9, 21, 23, 25 and 26 set out the specific facts to state claims for breach of warranties that are plausible on their face.

As also alleged specifically, Diamond Bluff joined in the ownership and operating responsibility of Ministries, Charles Capps, Peggy Capps and Annette Capps, all of whom served as agents, employees, common owners in their common promotional plan, for which Diamond

Bluff was eventually created as an operating entity and alter ego. The facts that Ministries, Diamond Bluff, Charles Capps, Peggy Capps and Annette Capps acted in concert to disguise and conceal the defects in the property sold to the Stanleys are set out in detail in paragraphs 9, 21 and 26 of their Complaint.

5. **COUNT II STATES SUFFICIENT FACTS TO SHOW MISREPRESENTATION.** The Stanleys deny the allegations contained in paragraph IV of Diamond Bluff's Motion to Dismiss and paragraph II of the Motions to Dismiss of Annette Capps, Ministries, Charles Capps and Peggy Capps.

The Complaint alleges facts setting out the elements of a claim for misrepresentation: 1) false representations of a material fact; 2) knowledge there is insufficient basis for the representation; 3) intent that the Stanleys rely on it; 4) justifiable reliance by the Stanleys; and 5) damages from their reliance.

6. **COUNT III STATES FACTS SUFFICIENT TO SHOW VIOLATION OF ILSFDA AND TOLLING OF LIMITATIONS.** The Stanleys deny that their Complaint fails to state facts sufficient to create a plausible claim for misrepresentation in Count II of their Complaint.

Paragraphs 3, 4, 5, 8, 9, 23 through 27 give a significant, meaningful, factual basis for the Plaintiffs' claim and show that it is entirely plausible.

The Complaint states in detail the Defendants' concerted action and violation of the ILSFDA, alleging that they operated a common promotional plan set out in detail in the Complaint, to sell lots and property, in which all the Defendants participated, their failure to disclose, both at the time of sale and thereafter, the material defects in the property, its propensity for landslides and the absence of effective permanent access to the Stanleys' property,

and of the water system, and the fact that these are required, and the fact that the ILSFDA requires specific concrete disclosures of details about the property which were not given to the Stanleys.

The Complaint also alleges facts that show any limitations period under common law and the ILSFDA have been tolled by acts of Defendants to conceal them. The Stanleys state they did not discover or learn anything about the damages to the property until early in 2011 as set out in detail in paragraphs 8 and 26 of the Complaint. These allegations show that the Stanleys brought suit within " ...three years after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence", as required by the ILSFDA (15 U.S.C. § 1703(a)(2).

7.   Plaintiffs request a hearing on the Defendants' Motions to Dismiss.

WHEREFORE, Plaintiffs, Douglas Stanley and Deborah Stanley, pray that the Motions to Dismiss filed by Diamond Bluff Estates, LLC; Charles Capps, Peggy Capps, Annette Capps and Charles Capps Ministries, Inc. be dismissed after hearing; for their costs, attorney's fees; and all other proper relief.

ROSE LAW FIRM,
a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201
(501) 375-9131

By: _____
Herbert C. Rule III, ABA No. 64037
Russell P. Bailey, ABA No. 2011174
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Herbert C. Rule III, hereby certify that on this 5 day of December, 2011, I have electronically filed the foregoing Response with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

J. Mark Spradley
Attorney at law
8114 Cantrell, Suite 240
Little Rock, AR 72227

Michael J. King
S. Greg Pittman
Winters & King, Inc.
2448 East 81st Street
Tulsa, OK 74137

Andy Turner
Laser Law Firm
101 S. Spring, Suite 300
Little Rock, AR 72201

_____
Herbert C. Rule III