IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

**DOUGLAS STANLEY AND DEBORAH STANLEY**                                    PLAINTIFFS

v.                              CASE NO. 1:11CV00083 BSM

**CHARLES CAPPS MINISTRIES, INC.;**
**DIAMOND BLUFF ESTATES, LCC; CHARLES CAPPS and**
**PEGGY CAPPS, Individually and as Husband and Wife; and**
**ANNETTE CAPPS, Individually**                                              **DEFENDANTS**

### ORDER

Defendants' motions to dismiss [Doc. Nos. 9, 10, 12] are granted as to plaintiffs' breach of warranties claim and are denied as to the fraud and ILSFDA claims.

### I. ALLEGATIONS

Illinois residents Douglas and Deborah Stanley began searching for a retirement home in 2005. Compl. ¶ 7. Defendants or their agents showed the Stanleys a vacant lot in Diamond Bluff Estates (DBE), which is a residential development organized as a limited liability company in Cleburne County, Arkansas. *Id.* ¶¶ 4, 7. DBE is part of a larger real estate development operated by Charles Capps Ministries, Inc. ("Ministries") and Charles, Peggy, and Annette Capps as a common project. *Id.* ¶¶ 4, 9. Ministries is a Oklahoma nonprofit corporation engaged in real estate development and other ventures. *Id.* ¶ 6. Charles, Peggy, and Annette are each associated with or involved in Ministries' business activities. *Id.* ¶¶ 2, 3.

Defendants' agents, and some of the defendants individually, told the Stanleys that lots in DBE were accessible by passable roads, were served by water and sanitary sewer, and

were suited for the construction of the home the Stanleys planned to build. *Id.* ¶ 7. Consequently, the Stanleys purchased Lot 153 by warranty deed on May 24, 2006, for approximately $230,000. *Id.*; Ex. 1 to Compl. The Stanleys allege that defendants did not provide a property report as required by the Interstate Land Sales Full Disclosure Act (ILSFDA) prior to the transaction. Compl. ¶ 9.

Sometime in early 2011, the Stanleys learned that landslides have significantly damaged Lot 153 and rendered it periodically inaccessible and impassable. *Id.* ¶ 8. These landslides occur on a continuing basis and have caused irreversible instability to Lot 153 and the surrounding land. *Id.* ¶ 11. The Stanleys have also discovered that their access cannot be permanently restored, that the water and sewer system is frequently unusable and not in compliance with state regulations, and that the lot is not suitable for building a home. *Id.* ¶ 8. As a result, the value of Lot 153 has been severely impaired, and the property is not marketable. *Id.* ¶ 10.

The Stanleys have brought suit against defendants for breach of warranties contained in the deed, fraud, and violations of ILSFDA. Defendants have filed several motions to dismiss for failure to state a claim upon which relief may be granted. Specifically, defendants contend that: (1) all claims against DBE occurred prior to its legal existence; (2) DBE cannot have breached the warranty deed because it did not execute the deed; (3) the Stanleys have not alleged sufficient facts to state a claim that defendants breached the covenants of title implied by law from the deed; (4) the Stanleys did not meet the heightened

pleading standards required for fraud claims and failed to allege sufficient facts giving rise to a fraud claim; and (5) the ILSFDA claims are barred by the statute of limitations.

As the Stanleys observed in their consolidated response, [Doc. No. 15] defendants' motions are not accompanied by a separate brief. Local Rule 7.2(e) provides that motions to dismiss "shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief." Because the Stanleys do not move to strike the motions and have substantively responded to them, a ruling on the merits will issue. Defendants, however, are hereby directed to familiarize themselves and comply with all local rules of this district.

## II. MOTION TO DISMISS STANDARD

Dismissal is proper if the Stanleys' complaint fails to state a claim upon which relief can be granted. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting all factual allegations as true, the complaint will be reviewed to determine whether its allegations show that the Stanleys are entitled to relief. *See id.* Although the Stanleys need not prove specific facts in support of their allegations, they must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level. *See id.*

## III. DISCUSSION

Defendants' motions to dismiss are granted in part and denied in part. The motions to dismiss the breach of warranties claim are granted because the Stanleys did not allege a

constructive eviction. The motions to dismiss the fraud and ILSFDA claims are denied because the ends of justice require that the Stanleys be given leave to amend those claims to provide the heightened factual specificity required by Federal Rule of Civil Procedure 9(b). The motion to dismiss DBE as a party defendant is denied because the Stanleys have plausibly alleged that it was the *alter ego* of Ministries and the Capps defendants.

A.     Breach of Warranties of Title

Count one of the Stanleys' complaint must be dismissed because they were not actually or constructively evicted by a person with better title.

Defendants collectively assert that the Stanleys failed to allege sufficient facts to state a plausible claim for breach of the warranty deed. The issue is whether, given the facts alleged, defendants breached any of the covenants of title conferred by the deed of transfer.

Under Arkansas law, a deed using the words "grant, bargain and sell" is presumed to be a general warranty deed unless expressly limited by the deed itself. Ark. Code Ann. § 18-12-102(b). Such deeds contain five covenants of title: (1) seisin; (2) good right to convey; (3) covenant against encumbrances; (4) quiet enjoyment; and (5) general warranty. *Proffitt v. Isley*, 683 S.W.2d 243, 244 (Ark. Ct. App. 1985). The Stanleys allege that defendants' acts and omissions breached the warranties of quiet enjoyment and access. Compl. ¶ 14.

The covenant of quiet enjoyment is a promise by the seller that "no one with better title will interfere with the purchaser's quiet enjoyment of the premises in the future." 14

*Powell on Real Property* § 81A.03[1][b][i]. The Stanleys argue that the complaint provides sufficient facts to allege a claim for constructive eviction and a resulting breach of the covenant of quiet enjoyment. This premise, however, is flawed because a constructive eviction presumes a threat of ouster by one with paramount title. *See Smiley v. Thomas*, 246 S.W.2d 419, 422 (Ark. 1952). Accepting the Stanleys' allegations as true, the landslides have "evicted" them in the sense that they can not access and enjoy their land. To state a claim for breach of the covenant of quiet enjoyment, however, the Stanleys must allege ouster, or a threat of ouster, by a person with better title—not by forces of nature or acts of God. Furthermore, as defendants' point out, Arkansas law does not recognize a "warranty of access."

For these reasons, the Stanleys' breach of warranty claim must be dismissed for failure to state a claim.

B.   <u>State-law Fraud</u>

The Stanleys are permitted to amend count two of their complaint to comply with the special pleading requirements for fraud claims.

Defendants assert that the Stanleys' fraud claim should be dismissed because the complaint does not meet the heightened pleading standard set forth by Federal Rule of Civil Procedure 9(b) and because the Stanleys have failed to allege sufficient facts showing that they are entitled to relief.

The tort of fraud, which is also known as misrepresentation or deceit under Arkansas

law, is comprised of five elements: (1) a false representation of a material fact; (2) knowledge that the representation is false, or an assertion of fact which he or she does not know to be true; (3) intent to induce action or inaction in reliance upon the representations; (4) justifiable reliance on the representation; and (5) damages suffered as a result of the reliance. *Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184, 1186 (8th Cir. 1996); AMI Civil 4th, 402 (West 1999).

Although a plaintiff may allege "malice, intent, knowledge, and other conditions of a person's mind" in a general fashion, he must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This rule "demands a higher degree of notice than that required for other claims" and "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003).

The Stanleys allege that they reasonably relied on the defendants' representations as to Lot 153 when they decided to purchase the property. Compl. ¶ 18. They further allege that defendants either knew their statements were false and misleading or took no reasonable steps to determine the truth of their statements. *Id.* ¶ 19. Finally, the Stanleys allege that they have been damaged by their reliance on defendants' false representations. *Id.* ¶ 20.

Even if the complaint is liberally construed, the Stanleys have not laid out the "who, what, where, when, and how" of defendants' alleged fraud. *See Costner*, 317 F.3d at 888-89. Each separate defendant must be put on notice of the specific allegations against him or her,

and the complaint is not specific enough to provide this notice.

The Stanleys, however, have requested leave to amend their complaint if necessary. Given the nature of the allegations, the ends of justice warrant amendment. Accordingly, defendants' motion to dismiss the fraud claim is denied, but the Stanleys are directed to file an amended complaint that satisfies Federal Rule of Civil Procedure 9(b).

C.   ILSFDA

The Stanleys' only cognizable claims under the ILSFDA sound in fraud, and, as with their state-law fraud claim, they are granted leave to amend count three of their complaint to "state with particularity the circumstances constituting fraud." *See* Fed. R. Civ. P. 9(b).

The Interstate Land Sales Full Disclosure Act (ILSFDA) requires real estate developers to provide prospective out-of-state buyers with a property report prior to the transaction. 15 U.S.C. §§ 1707, 1703(a)(1)(B). It also requires developers to file a similar statement of record with the Secretary of Housing and Urban Development. *Id.* §§ 1706, 1703(a)(1)(A). The report and statement must contain numerous disclosures and must not contain false or omitted statements of material fact. *Id.* §§ 1705, 1703(a)(1)(C). If the seller fails to comply with these dictates, the ILSFDA allows a buyer to rescind his purchase contract within two years of the date of the contract. *Id.* § 1703(c). Although this period is subject to principles of equitable tolling, the overall three-year limitation on civil actions to recover for a developer's failure to provide a property report is absolute and may not be tolled. *Id.* § 1711(a)(1); *Darms v. McCulloch Oil Corp.*, 720 F.2d 490, 494 (8th Cir. 1983).

The Stanleys commenced this action well beyond three years after entering into a purchase contract. Therefore, their claims under 15 U.S.C. § 1703(a)(1)(A)-(C) are time-barred.

Nevertheless, the ILSFDA provides a more flexible limitation on actions based on a developer's scheme to defraud a purchaser. *Id.* §§ 1711(a)(2), 1703(a)(2)(A)-(C). Those actions must be brought within three years of the purchaser's discovery of the alleged fraud. *Id.* § 1711(a)(2). Because the Stanleys allege that they only discovered Lot 153's problems within the last year, their claims under 15 U.S.C. §§ 1703(a)(2)(A)-(C) are not time-barred.

Under the anti-fraud provisions of the ILSFDA, the Stanleys may recover if defendants: (1) employed any device, scheme, or artifice to defraud the Stanleys, *id.* § 1703(a)(2)(A); (2) obtained the Stanleys' money or property by means of any untrue statement of material fact, or any omission to state a material fact necessary in order to make the statements made not misleading, *id.* § 1703(a)(2)(B); or (3) engaged in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the Stanleys. *Id.* § 1703(a)(2)(C).

From the allegations in their complaint, the Stanleys appear to be proceeding under each of these three subsections. Defendants are correct that the Stanleys have failed to plead their fraud-based ILSFDA claims with the particularity demanded by Federal Rule of Civil Procedure 9(b). As previously noted, the Stanleys' request to amend their complaint to address the noted deficiencies is granted. The amended complaint shall plead sufficient facts showing how and when each defendant violated of the aforementioned provisions of the

ILSFDA.

D.   Corporate Formation and Liability of DBE

DBE's motion to be dismissed as a party defendant is denied because the Stanleys have alleged that the entity was an instrumentality or conduit of the other defendants.

DBE asserts that it cannot be liable to the Stanleys because it did not exist as a legal entity when the Stanleys shopped for and purchased their land. DBE also argues that it cannot be liable for breach of warranties of title because it was not a party to, and did not execute, the deed of transfer to the Stanleys.

Pursuant to Federal Rule of Evidence 201(b) and (d), defendants request that judicial notice be taken that DBE was formed as a limited liability company in Arkansas on December 14, 2009. The basis for this request is a certified copy of its articles of organization filed with the Arkansas Secretary of State. *See* Ark. Code Ann. § 4-26-106 (LEXIS Repl. 2001). The authenticity and accuracy of that public record cannot be reasonably questioned, and the Stanleys do not object. Accordingly, it is hereby found that DBE is an Arkansas limited liability company formed on December 14, 2009.

Defendants maintain that this judicially noticed fact bars any claim against DBE because all acts or omissions would have occurred several years before it existed as a legal entity. The Stanleys counter that their allegations that DBE is the *alter ego* of the other defendants and has acted in concert with them to conceal the landslides and damage to the land are sufficient to pierce the corporate veil.

At this time, numerous questions of fact exist as to whether the entity was a mere instrumentality or business conduit of Ministries and the Capps defendants. *See Anderson v. Stewart*, 234 S.W.3d 295, 298 (Ark. 2006); *Fletcher Cyclopedia of the Law of Corporations* § 41.10. Accordingly, DBE's motion to dismiss on the grounds of chronological impossibility is denied. The issue of DBE's liability for breach of the warranty deed is rendered moot by section III.A.

## IV. CONCLUSION

For all of the reasons set forth above, defendants' motions to dismiss [Doc. Nos. 9, 10, 12] are granted in part and denied in part. Count one of the complaint is dismissed with prejudice, and the Stanleys are hereby directed to file, within 30 days, an amended complaint setting forth their state-law and ILSFDA fraud claims in accordance with the foregoing analysis.

IT IS SO ORDERED this 20th day of December 2011.

                                        UNITED STATES DISTRICT JUDGE