**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

DOUGLAS STANLEY and                )
DEBORAH STANLEY                    )
                                   )
    Plaintiffs,                    )
                                   )
v.                                 )    Case No. 1-11-CV-083 BSM
                                   )
CHARLES CAPPS MINISTRIES, INC.;    )
DIAMOND BLUFF ESTATES, LLC;        )
CHARLES CAPPS and PEGGY CAPPS,     )
INDIVIDUALLY and AS HUSBAND        )
AND WIFE; and ANNETTE CAPPS,       )
INDIVIDUALLY                       )
                                   )
    Defendants.                    )    **JURY TRIAL DEMANDED**

## ANSWER TO FIRST AMENDED COMPLAINT

COME NOW, Defendant Diamond Bluff Estates, LLC and Defendant Annette Capps, by and through their attorneys of record Mark Spradley and Michael James King and S. Greg Pittman, and for their Answer to Plaintiffs' First Amended Complaint state and allege as follows:

1.    Defendants are without sufficient information to admit or deny the allegations in paragraph 1 of the First Amended Complaint and therefore deny the same and demand strict proof thereof.

2.    Defendants are without sufficient information to admit or deny the allegations contained in paragraph 2 of the First Amended Complaint and therefore deny the same and demand strict proof thereof.

3.    Defendants admit that Defendant Annette Capps is a resident of the State of Oklahoma and that she owns property in the State of Arkansas. Defendants deny the remaining

allegations contained in paragraph 3 of the First Amended Complaint and demand strict proof thereof.

4.      Defendants deny the allegations contained in paragraph 4 of the First Amended Complaint and demand strict proof thereof.

5.      Defendants admit the allegations contained in paragraph 5 of the First Amended Complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the First Amended Complaint and demand strict proof thereof.

7.      Defendants deny the allegations contained in paragraph 7 of the First Amended Complaint and demand strict proof thereof.

8.      Defendants deny the allegations contained in paragraph 8 of the First Amended Complaint and demand strict proof thereof.

9.      Defendants deny the allegations contained in paragraph 9 of the First Amended Complaint and demand strict proof thereof.

10.     Defendants deny the allegations contained in paragraph 10 of the First Amended Complaint and demand strict proof thereof.

11.     Defendants deny the allegations contained in paragraph 11 of the First Amended Complaint and demand strict proof thereof.

12.     Defendants deny the allegations contained in paragraph 12 of the First Amended Complaint and demand strict proof thereof.

13.     No response is required for the allegations contained in paragraph 13 of the First Amended Complaint.

14.     Defendants deny the allegations contained in paragraph 14 of the First Amended Complaint and demand strict proof thereof.

15.     Defendants deny the allegations contained in paragraph 15 of the First Amended Complaint and demand strict proof thereof.

16.     Defendants are without sufficient information to admit or deny the allegations in paragraph 16 of the First Amended Complaint and therefore deny the same and demand strict proof thereof.

17.     Defendants are without sufficient information to admit or deny the allegations in paragraph 17 of the First Amended Complaint and therefore deny the same and demand strict proof thereof.

18.     Defendants deny the allegations contained in paragraph 18 of the First Amended Complaint and demand strict proof thereof.

19.     Defendants deny the allegations contained in paragraph 19 of the First Amended Complaint and demand strict proof thereof.

20.     Defendants deny the allegations contained in paragraph 20 of the First Amended Complaint and demand strict proof thereof.

21.     Defendants are without sufficient information to admit or deny the allegations in paragraph 21 of the First Amended Complaint and therefore deny the same and demand strict proof thereof.

22.     Defendants are without sufficient information to admit or deny the allegations in paragraph 22 of the First Amended Complaint and therefore deny the same and demand strict proof thereof.

23.     Defendants deny the allegations contained in paragraph 23 of the First Amended Complaint and demand strict proof thereof.

24.     Defendants deny the allegations contained in paragraph 24 of the First Amended Complaint and demand strict proof thereof.

25.     Defendants deny the allegations contained in paragraph 25 of the First Amended Complaint and demand strict proof thereof.

26.     Defendants deny the allegations contained in paragraph 26 of the First Amended Complaint and demand strict proof thereof.

27.     Defendants deny the allegations contained in paragraph 27 of the First Amended Complaint and demand strict proof thereof.

28.     Defendants deny the allegations contained in paragraph 28 of the First Amended Complaint and demand strict proof thereof.

29.     Defendants deny the allegations contained in paragraph 29 of the First Amended Complaint and demand strict proof thereof.

30.     Defendants deny the allegations contained in paragraph 30 of the First Amended Complaint and demand strict proof thereof.

31.     No response is required for the allegations contained in paragraph 31 of the First Amended Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the First Amended Complaint and demand strict proof thereof.

33.     Defendants deny the allegations contained in paragraph 33 of the First Amended Complaint and demand strict proof thereof.

34.     Defendants deny the allegations contained in paragraph 34 of the First Amended Complaint and demand strict proof thereof.

35.     Defendants deny the allegations contained in paragraph 35 of the First Amended Complaint and demand strict proof thereof.

36.     Defendants deny the allegations contained in paragraph 36 of the First Amended Complaint and demand strict proof thereof.

37.     Defendants deny the allegations contained in paragraph 37 of the First Amended Complaint and demand strict proof thereof.

38.     Defendants deny the allegations contained in paragraph 38 of the First Amended Complaint and demand strict proof thereof.

39.     Defendants deny the allegations contained in paragraph 39 of the First Amended Complaint and demand strict proof thereof.

40.     Defendants deny the allegations contained in paragraph 40 of the First Amended Complaint and demand strict proof thereof.

41.     No response is required for the allegations contained in paragraph 41 of the First Amended Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the First Amended Complaint and demand strict proof thereof.

43.     Defendants deny the allegations contained in paragraph 43 of the First Amended Complaint and demand strict proof thereof.

44.     Defendants deny the allegations contained in paragraph 44 of the First Amended Complaint and demand strict proof thereof.

45.     Defendants deny the allegations contained in paragraph 45 of the First Amended Complaint and demand strict proof thereof.

46.     Defendants deny the allegations contained in paragraph 46 of the First Amended Complaint and demand strict proof thereof.

47.     Defendants deny the allegations contained in paragraph 47 of the First Amended Complaint and demand strict proof thereof.

48.     Defendants deny the allegations contained in paragraph 48 of the First Amended Complaint and demand strict proof thereof.

49.     Defendants deny the allegations contained in paragraph 49 of the First Amended Complaint and demand strict proof thereof.

50.     Defendants deny the allegations contained in paragraph 50 of the First Amended Complaint and demand strict proof thereof.

51.     No response is required for the allegations contained in paragraph 51 of the First Amended Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the First Amended Complaint and demand strict proof thereof.

53.     Defendants deny the allegations contained in paragraph 53 of the First Amended Complaint and demand strict proof thereof.

54.     Defendants deny the allegations contained in paragraph 54 of the First Amended Complaint and demand strict proof thereof.

55.     Defendants deny the allegations contained in paragraph 55 of the First Amended Complaint and demand strict proof thereof.

56.     Defendants deny the allegations contained in paragraph 56 of the First Amended Complaint and demand strict proof thereof.

57.     Defendants deny the allegations contained in paragraph 57 of the First Amended Complaint and demand strict proof thereof.

58.     Defendants deny the allegations contained in paragraph 58 of the First Amended Complaint and demand strict proof thereof.

59.     Defendants deny the allegations contained in paragraph 59 of the First Amended Complaint and demand strict proof thereof.

60.     Defendants deny the allegations contained in paragraph 60 of the First Amended Complaint and demand strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the equitable doctrines of estoppel, waiver, unclean hands, and/or laches.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the equitable doctrines of setoff, release, payment, negligence, comparative fault, accord and satisfaction, and failure of consideration.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or in part, because Plaintiffs failed to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or in part, by intervening acts of third parties and acts of God and/or nature.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or in part, because Defendants' alleged acts were reasonable and in good faith, and in pursuit of a lawful business purposes.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or in part, because Plaintiffs failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the applicable statute of limitations and statute of repose.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or in part, because these Defendants are not subject to the Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.* (the "Act").  In the alternative, these Defendants have not made any untrue statements of material facts or omitted to state material facts that were required to be disclosed and have not violated the provisions of the Act.

## NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead and incorporate by reference herein any and all defenses and exemptions contained within the Act.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or in part, because these Defendants are not the real party in interest.

ELEVENTH AFFIRMATIVE DEFENSE

Defendants hereby reserve the right to supplement their Answer to Plaintiffs' First Amended Complaint with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend their Answer accordingly.

WHEREFORE, having answered, Defendants pray this Court deny all relief requested in Plaintiffs' First Amended Complaint, enter judgment on behalf of Defendants, and for all other further relief as this Court deems just and proper, including reasonable attorneys' fees and costs.

Respectfully submitted,

s/ S. Greg Pittman
Michael James King, OBA #5036
S. Greg Pittman, OBA #18450
WINTERS & KING, INC.
2448 East 81st Street, Suite 5900
Tulsa, Oklahoma 74137-4259
(918) 494-6868 Telephone
(918) 491-6297 Facsimile
mking@wintersking.com
gpittman@wintersking.com

AND

J. Mark Spradley, ABA#70066
Attorney at Law
8114 Cantrell, Suite 240
Little Rock, Arkansas 72227
(501) 537-4290 Telephone
(501) 219-6895 Facsimile
jmspradley@sbcglobal.net

ATTORNEYS FOR DEFENDANTS
DIAMOND BLUFF ESTATES, LLC and
ANNETTE CAPPS

9

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, hereby certify that on July 13, 2012, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System, which will send a notice of electronic filing to all parties receiving electronic notice.


<u>s/ S. Greg Pittman</u>
S. Greg Pittman