IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| DOUGLAS STANLEY and ) | |
| DEBORAH STANLEY ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1-11-CV-083 BSM |
| ) | |
| CHARLES CAPPS MINISTRIES, INC.; ) | |
| DIAMOND BLUFF ESTATES, LLC; ) | |
| CHARLES CAPPS and PEGGY CAPPS, ) | |
| INDIVIDUALLY and AS HUSBAND ) | |
| AND WIFE; and ANNETTE CAPPS, ) | |
| INDIVIDUALLY ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT CHARLES CAPPS' BRIEF IN
## SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER

COMES NOW, Defendant Charles Capps, by and through his counsel of record, Andy L. Turner and Ben C. Hall of the Turner Law Firm, and submits this Brief in Support of Motion to Quash and for Protective Order, and moves this Court, for an order quashing the Notice of Deposition served upon his counsel and for an order of protection pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure. In support of his Motion to Quash and for Protective Order, Defendant Charles Capps states and alleges as follows:

1. On or about March 28, 2013, Plaintiffs served upon all counsel the attached Notice of Depositions which noticed the following five (5) *parties* for deposition on April 9, 2013 at 10:00 a.m.:

    Charles Capps Ministries, Inc.
    Diamond Bluff Estates, LLC
    Charles Capps
    Peggy Capps
    Annette Capps

2. Plaintiffs are aware that Defendant Charles Capps has been diagnosed with a terminal illness and is unable to attend or give a deposition in this matter. Defendants have previously offered to share with Plaintiffs details of Defendants Charles Capps illness subject to an agreed protective order regarding his medical condition. Plaintiffs insist on taking Defendant Charles Capps deposition in spite of his medical condition.

3. In an apparent attempt to circumvent Fed.R.Civ.P. 34, the Notice of Depositions also improperly included a list of twelve categories of documents to be produced by each of the parties at the depositions noticed for April 9, 2013.

4. Defendants agreed that the depositions could proceed on April 9, 2013 as to Defendant Charles Capps Ministries, Inc., Defendant Diamond Bluff, LLC, Defendant Peggy Capps, and Defendant Annette Capps with the understanding that no documents would be produced.

## ARGUMENTS AND AUTHORITIES

Rule 26(c)(1) provides for the issuance of a protective order, if, under a showing of good cause, such an order would protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense" by "specifying terms, including time and place, for the disclosure or discovery." Fed.R.Civ.P. 26(c)(1)((B). Defendant Charles Capps has been diagnosed with a terminal illness and due to his age and the stage of his medical condition his physicians have indicated that he is not able to sit for a deposition. Defendant Charles Capps seeks an order quashing the Deposition Notice as it pertains to him until the issue of his health has been resolved and a protective

order has issued concerning the confidentiality of his medical condition and his ability to sit for a deposition. Counsel for Defendant Charles Capps will disclose the specific medical condition and parameters of Defendant Charles Capps' ability to sit for deposition *in camera* to the Court or under seal.

Fed.R.Civ.P. 34 provides that a party may serve on any other party a request for the production of documents and that the party must "respond in writing within 30 days." Plaintiffs seek to circumvent this rule by attempting to require the parties to tote documents to their depositions in the same manner in which a non-party witness would produce documents under Fed.R.Civ.P. 45. Defendant Charles Capps also moves that this Court quash the Notice of Depositions and for a protective order as it pertains to the documents requested to be produced at the deposition.

WHEREFORE premises considered, Defendant Charles Capps seeks an order quashing the Notice of Deposition as it pertains to him and for a protective order limiting his deposition as result of his medical condition which will be disclosed to this Court *in camera* or under seal.

    Respectfully Submitted,

    TURNER LAW FIRM, P.A.
    P.O. BOX 1225
    CABOT, AR 72023-1225
    Telephone: (501) 941-2210
    Fax: (501) 941-0010

BY: /s/ *Ben C. Hall*
    BEN C. HALL (BAR #10159)
    ANDY L. TURNER (BAR #97145)

## CERTIFICATE OF SERVICE

      I, the undersigned attorney, hereby certify that on April 8th, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System, which will send a notice of electronic filing to all parties receiving electronic notice.

S. Greg Pittman
Michael J. King
J. Mark Spradley
Herbert C. Rule, III

                                                /s/ *Ben C. Hall*
                                                BEN C. HALL