**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS STANLEY and | ) | |
| DEBORAH STANLEY | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1-11-CV-083 BSM |
| | ) | |
| CHARLES CAPPS MINISTRIES, INC.; | ) | |
| DIAMOND BLUFF ESTATES, LLC; | ) | |
| CHARLES CAPPS and PEGGY CAPPS, | ) | |
| INDIVIDUALLY and AS HUSBAND | ) | |
| AND WIFE; and ANNETTE CAPPS, | ) | |
| INDIVIDUALLY | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ANNETTE CAPPS' BRIEF IN**
**SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant Annette Capps, by and through her counsel of record J. Mark Spradley, and Michael James King and S. Greg Pittman of Winters & King, Inc., and submits this Brief in Support of her Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure and LR 56.1 of the Local Rules for the United States District Court for the Eastern District of Arkansas, and moves the Court for judgment in her favor and against Plaintiffs on all Plaintiffs' claims. In support of this Motion, Defendant Annette Capps states and alleges as follows:

**I.     BACKGROUND**

The genesis of this lawsuit is the May 2006 purchase of Lot 153 within Diamond Bluff Estates subdivision by Plaintiffs from Defendant Charles Capps Ministries, Inc., Defendant Charles Capps, and Defendant Peggy Capps. After closing on Lot 153, Plaintiffs left the State of Arkansas and did not return for in excess of five years, or until June 2011. In March 2011,

Plaintiffs allege that they became aware Lot 153 was worthless and determined Defendants failed to inform them about the subdivisions' proclivity for landslides.  The gravamen of Plaintiffs' claims is that the Defendants misrepresented that Lot 153 had never been impacted by landslides, failing to inform them about a February 2003 road culvert wash in Diamond Bluff Estates subdivision and an alleged 2005 landslide in Stevens Point, which is 10 miles away from their Lot 153 and in another subdivision across the lake from Diamond Bluff Estates.

Upon Defendants' Motions to Dismiss all claims in Plaintiffs' original Complaint, the Court dismissed Plaintiffs' breach of warranty claim and Plaintiffs' claims sounding in fraud and directed the Plaintiffs to file an amended complaint that satisfied Federal Rule of Civil Procedure Rule 9(b). [Doc. #21.]   Plaintiffs then filed their First Amended Complaint against the Defendants, alleging (i) misrepresentation; (ii) violation of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.*; (iii) constructive fraud; and (iv) rescission by mutual mistake. [¶¶ 13-60 of First Amended Complaint, Doc. #24.] The Defendants again each filed Motions to Dismiss praying that the Court dismiss all of Plaintiffs' claims. [Docs. #30-#35.] The Court granted the Motions to Dismiss as to Plaintiffs' constructive fraud, but denied the Motions to Dismiss as to the other claims ruling that Plaintiffs had survived the motions, but were susceptible to the same legal arguments after the close of discovery should they fail to produce the necessary evidence. [Doc. #56.]  After months of discovery, Plaintiffs claims are still without merit and are barred by the statute of limitations.  Plaintiffs cannot meet their burden to establish the essential elements of their fraud claims such that a jury trial is necessary.  Without evidence that Defendant Annette Capps participated in this transaction, much less of fraudulent representation or damage, Defendant Annette Capps is entitled to judgment as a matter of law.

## II.     STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Although the moving party has the burden of showing the absence of a genuine issue of material fact, the nonmoving party has the burden of producing "evidence that would support a jury verdict." *Anderson v. Liberty Lobby*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Summary judgment must be granted "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  The nonmovant has an affirmative burden "to go beyond the pleadings" and "by affidavit or otherwise" designate "specific facts showing that there is a genuine issue for trial." *Commercial Union Insurance Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir.1992) (citations omitted).  Summary judgment is not a "disfavored procedural shortcut"; rather it is an important procedure "designed to secure the just, speedy, and inexpensive determination of every action." *Celotex*, 477 U.S. at 327.  Defendant Annette Capps is entitled to summary judgment because the undisputed facts show that no reasonable jury could conclude that Defendant Annette Capps participated in this transaction or defrauded the Plaintiffs.

## III.    PLAINTIFFS' CANNOT MEET THEIR BURDEN TO ESTABLISH THE ESSENTIAL ELEMENTS OF ANY OF THEIR CLAIMS AS TO DEFENDANT ANNETTE CAPPS.

Defendant Annette Capps is entitled to judgment as a matter of law on all Plaintiffs' claims because there is no evidence showing she was involved in this transaction.  Plaintiffs allege Defendant Annette Capps made misrepresentations to them regarding the property, but

they admit that they have never spoken with Annette Capps or received any correspondence from Annette Capps. [See Undisputed Fact No. 17.]  Plaintiffs also admit that they have no evidence Defendant Annette Capps was involved in the sale or marketing of Lot 153, or any other lots within Diamond Bluff Estates subdivision, before closing in May 2006. [See Undisputed Fact No. 18.]  It is undisputed that Defendant Annette Capps was not a party to the Real Estate Contract or the Property Disclosure Statement.  Other than sharing the name "Capps", there is no evidence that Defendant Annette Capps participated in this transaction or the development of Diamond Bluff Estates subdivision.  Plaintiffs' claims sound in fraudulent misrepresentation and rescission.  Such claims must fail when there is not one scintilla of evidence that Defendant Annette Capps made any representations to Plaintiffs or entered into any agreement with Plaintiffs.  There are no disputed facts as to Defendant Annette Capps, and Plaintiffs must bring forward evidence against her to show that a trial of this matter should necessarily include her.

## IV.   IN THE ALTERNATIVE, PLAINTIFFS' ILSFDA CLAIM (COUNT II) IS BARRED BY AN *ABSOLUTE* THREE YEAR STATUTE OF LIMITATIONS.

Count II of Plaintiffs' First Amended Complaint alleges a cause of action against the Defendants under the Interstate Land Sales Full Disclosure Act ("ILSFDA") §1703(a)(2)(A)-(C). [¶¶31-40 of First Amended Complaint, Doc. #24.]  Plaintiffs' ILSFDA claim stemming from §1703(a)(2)(A)-(C) and sounding in fraud, is barred by a three year statute of limitations contained in §1711(a)(2).  Plaintiffs' private right of action as to fraudulent violations of the ILSFDA may only be maintained if initiated within the relevant limitations period reflected in 15 U.S.C. §1711, which provides:

*(a) Section 1703(a) violations*

*No action shall be maintained under section 1709 of this title with respect to—*

*(1) a violation of subsection (a)(1) or (a)(2)(D) of section 1703 of this title more than three years after the date of signing of the contract of sale or lease; or*

*(2) a violation of subsection (a)(2)(A), (a)(2)(B), or (a)(2)(C) of section 1703 of this title more than three years after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence.*

*(b) Section 1703(b) to (e) violations*

*No action shall be maintained under section 1709 of this title to enforce a right created under subsection (b), (c), (d), or (e) of section 1703 of this **title unless brought within three years after the signing of the contract or lease**, notwithstanding delivery of a deed to a purchaser.* [Emphasis supplied.]

The 15 U.S.C. §1711(b) three year statute of limitation is an <u>absolute</u> bar to Plaintiffs' ILSFDA claim because this limitation period cannot be suspended as result of any alleged concealment. In *Darms v. McCulloch Oil Corp.*, 720 F.2d 490, 494 (8th Cir. 1983), the purchasers of lots in a residential and recreational development sued the developers and others to recover for alleged fraud and misrepresentation. The 8th Circuit Court of Appeals opined in *Darms* that the §1711(b) three year statute of limitations is **absolute**, opining:

> Furthermore, we agree with the Tenth Circuit that, at the time the plaintiffs filed this action, **the three-year limitation in the ILSFDA was absolute and could not be tolled with evidence of fraudulent concealment**, although evidence that the defendants induced the plaintiffs to forego suit once the basis for the action was known might create an equitable estoppel preventing the defendants from asserting the statutory limitation. *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1043 & n. 7 (10th Cir.1980). We have examined the record on appeal and find no indication that the defendants induced any of the plaintiffs to forego seeking legal redress until November 24, 1978, for perceived ILSFDA violations connected to the transactions barred by Judge Waters' limited order.

Plaintiffs filed their ILSFDA fraud claim on September 30, 2011, which is more than 5 years after they purchased Lot 153. It is undisputed that the General Warranty Deed transferring the real property from the Defendants to the Plaintiffs is dated May 22, 2006. [Exhibit #1 of First Amended Complaint, Doc. #24.] As in *Darms* there is absolutely no evidence to support an

equitable estoppel argument that the Defendants somehow induced the Plaintiffs to forgo making their ILSFDA claims before May 22, 2009. To the contrary, Plaintiffs admit that they have never personally spoken with or received correspondence from Defendant Annette or Defendant Peggy Capps. [See Undisputed Facts Nos. 16 and 17.] Plaintiffs admit that they did not have any conversations with Defendant Charles Capps before closing. Plaintiffs admit that they have only had one personal conversation with Defendant Charles Capps which occurred *after* closing. (Mr. Capps contacted Plaintiffs by telephone and let them know that someone was interested in purchasing their Lot 153.) [See Undisputed Fact No. 15.] Plaintiffs admit that they were absent from visiting Arkansas and Lot 153 from May 2006 to June 2011. [See Undisputed Fact No. 11.] Plaintiffs' ILSFDA claim (Count II) is therefore barred by the absolute three year statute of limitation contained in §1711(b) and Defendant Annette Capps is entitled to judgment on this claim as a matter of law.

## V.   IN THE ALTERNATIVE, PLAINTIFFS' MISREPRESENTATION OR FRAUD CLAIM (COUNT I) IS ALSO BARRED BY AN APPLICABLE THREE YEAR STATUTE OF LIMITATIONS.

Count I of Plaintiffs' First Amended Complaint alleges a cause of action against the Defendants for misrepresentation. [¶¶13-30 of First Amended Complaint, Doc. #24.] Although Plaintiffs allege a claim for "misrepresentation," such a claim is actually a claim for fraud. "Misrepresentation, also commonly referred to as deceit or fraud, has been an intentional tort in Arkansas for well over a century." *S. County, Inc. v. First W. Loan Co.*, 315 Ark. 722, 725, 871 S.W.2d 325, 326 (1994) (citing *Hanger v. Evins*, 38 Ark. 334 (1881)). Accordingly, the elements of misrepresentation, as well as the statute of limitations applicable to misrepresentation, must be examined in terms of a fraud claim. In *Adams v. Wolf*, 73 Ark. App. 347, 43 S.W.3d 757 (2001) the Arkansas Supreme Court discussed the applicable three year

statute of limitations for a fraud claim.  The Arkansas Supreme Court in *Adams* held that the limitations period for fraud claims,  including misrepresentation, begins to run when the wrong occurs, unless the fraud is concealed, opining as follows:

> **The statute of limitations for fraud is three years.** Ark.Code Ann. § 16–56–105 (1987); *Hampton v. Taylor*, 318 Ark. 771, 887 S.W.2d 535 (1994). **The limitation period begins to run, in the absence of concealment of the wrong, when the wrong occurs, not when it is discovered.** *Hampton v. Taylor*, supra. Appellants do not argue that appellees engaged in any conduct giving rise to a cause of action for fraud within the three years preceding the filing of the complaint. Rather, they contend that, through March 1992, appellees concealed their fraud, thus tolling the limitations period until November 1996, when appellants learned of appellees' alleged misconduct.
>
> **A concealed fraud suspends the running of the statute of limitations, and the suspension remains in effect until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence.** *SEECO v. Hales*, 341 Ark. 972, 22 S.W.3d 157 (2000). **No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar.** *Chalmers v. Toyota Motor Sales, USA, Inc.*, 326 Ark. 895, 935 S.W.2d 258 (1996). **There must be some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed or perpetrated in such a way that it conceals itself.** *Id.* **If the plaintiff, by reasonable diligence, might have detected the fraud he is presumed to have had reasonable knowledge of it.** *Id.* **Although the question of fraudulent concealment is usually a question of fact that is not suited for summary judgment, when the evidence leaves no room for a reasonable difference of opinion, a trial court may resolve fact issues as a matter of law.** *Id.*; *Smothers v. Clouette*, 326 Ark. 1017, 934 S.W.2d 923 (1996). *Id.* at 761. [Emphasis supplied.]

Plaintiffs filed their misrepresentation claim on September 30, 2011, which is more than 5 years after they purchased Lot 153, and this claim is barred unless Plaintiffs can show the statute of limitations should be suspended based upon Defendant Annette Capps' active concealment of the fraud.

According to the holding in *Adams* the statute of limitation for misrepresentation is only suspended when the Defendants have engaged in "some positive act of fraud, something so

furtively planned and secretly executed as to keep the plaintiff's cause of action concealed or perpetrated in such a way that it conceals itself." *Id.*  Plaintiffs have absolutely no evidence of concealment of any alleged fraud.  Plaintiffs argue Defendants' failed to make disclosures about a 2003 road culvert wash and a 2005 Stevens Point landslide on the Property Disclosure Statement. [See Undisputed Fact Nos. 12 and 35.]  There is no evidence that either of these incidences created a disclosure requirement on the part of Defendant Annette Capps, or that she was somehow involved in actively concealing such information from the Plaintiffs.  According to the testimony of Ruth Mitchell, the 2003 road culvert wash was open, obvious, and noticeable to anyone who drove on the road.  Ruth Mitchell also testified in her deposition that the 2003 road culvert wash was repaired before she purchased her lot. [See Undisputed Fact Nos. 21-28.]  The 2003 road culvert wash was a minor event that was repaired by the Defendants in 2003 and still in good repair at the time the Plaintiffs purchased Lot 153.  Plaintiffs provide no evidence that the culvert and its condition were not open and obvious to anyone who visited the area.

Plaintiffs also present no evidence that an alleged 2005 landslide in a different county: (i) required a disclosure; (ii) was known by Defendant Annette Capps; or (iii) was concealed by Defendant Annette Capps.  Plaintiffs provide no evidence Defendant Annette Capps was even aware of the alleged 2005 Stevens Point landslides or any evidence of how Defendant Annette Capps actively participated in some effort to conceal an event that was publically reported. [See Undisputed Fact Nos. 30-31.]  In fact, Plaintiffs admit that the alleged 2005 Stevens Point landslide would have been open and obvious to people who lived in the Greers Ferry lake area and Plaintiffs easily discovered the existence of the alleged 2005 Stevens Point landslide on the internet from out of state. [See Undisputed Fact Nos. 32 and 34.]  Plaintiffs also make a hollow claim that there was some undisclosed problem with the sewer, water, septic or other systems

affecting Lot 153, but admit they have no evidence of these issues before closing in May 2006. [See Undisputed Fact No. 14.]

But even assuming that the 2003 road culvert wash and the alleged 2005 Stevens Point landslide were required to be disclosed by Defendant Annette Capps and was actively concealed from Plaintiffs (which they were not), Plaintiffs knew or should have known about the major road landslide in the Diamond Bluff Estates subdivision in March or April 2008. Bill Shumann, a homeowner in Diamond Bluff Estates subdivision and the Commissioner of Diamond Bluff Improvement District, testified that the major landslide that damaged Lakefront Road in Diamond Bluff Estates subdivision occurred in **March** or **April 2008**. [See Undisputed Fact No. 36.] This information was open, visible, and not concealed from anyone who happened to traverse Lakefront Road. This undisputed fact is of no small significance. According to the holding in *Adams,* suspension of the statute of limitations only "remains in effect until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence." *Id.* Plaintiffs should have discovered the 2008 landslide with the exercise of reasonable diligence and the statute of limitations cannot be suspended past April 2008. If Plaintiffs had not been absent from the State of Arkansas and their Lot 153 for a period in excess of five years, they undoubtedly would have been aware of the March/April 2008 landslide. Plaintiffs admit that they have no evidence of an active concealment other than failing to allegedly make disclosures on the Property Disclosure Statement. [See Undisputed Fact Nos. 35.] As result of Plaintiffs' unreasonable absence from the State of Arkansas, the statute of limitations on the misrepresentation claim started running, at the latest in **April 2008** and expired in **April 2011**. This lawsuit was filed in September 2011 and Plaintiffs' Count I

misrepresentation claim is clearly barred by the three year statute of limitations and Defendant Annette Capps is entitled to summary judgment on Plaintiffs' Count I claim.

## VI.   IN THE ALTERNATIVE, PLAINTIFFS' CANNOT MEET THEIR BURDEN TO ESTABLISH THE ESSENTIAL ELEMENTS OF THEIR MISREPRESENTATION CLAIM (COUNT I).

In the alternative, even if Plaintiffs' misrepresentation claim (Count I) is not barred by the statute of limitations, Plaintiffs cannot meet their burden to establish the essential elements of their misrepresentation claim.  The tort of fraud, which is also known as misrepresentation or deceit under Arkansas law, is comprised of five elements: (1) a false representation of material fact; (2) knowledge that the representation is false, or an assertion of fact which he or she does not know to be true; (3) intent to induce the action or inaction in reliance upon the representations; (4) justifiable reliance on the representation; and (5) damages suffered as a result of the reliance. *Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184, 1186 (8thCir. 1996). According to paragraph 16 of the Real Estate Contract, Plaintiffs were only entitled to rely on the written representations of the Defendants contained in the Property Disclosure Statement. Plaintiff were also on notice that the Defendants had no specialized training and Plaintiffs were to conduct their own inspections and due diligence of the property. [See Undisputed Fact Nos. 4-5.]  In spite of the obvious nature of the steep and rugged terrain in Diamond Bluff Estates subdivision, Plaintiffs conducted absolutely no investigation and instead merely spoke with a builder who gave them a positive opinion of Lot 153. [See Undisputed Fact Nos. 7-9.]  Plaintiffs do not have evidence that Defendants kept them from inspecting the property, or refused to provide them with requested documents before closing on Lot 153. [See Undisputed Fact No. 20.]

Plaintiffs allege that the Defendants misrepresented the answers to section numbers 3, 8, 9, 10, 32, and 41 of the Property Disclosure Statement as those questions relate to <u>adjacent properties</u> based upon an alleged wash of a road culvert referenced in a letter from Charles Capps to Ruth and James Mitchell dated February 27, 2003 and a 2005 landslide in Stevens Point. [See Undisputed Fact No. 12.]  Plaintiffs admit that there has been no landslide, slippage, sliding or poor soil conditions on Lot 153. [See Undisputed Fact No. 13.]  Plaintiffs rely on the nuance of the Property Disclosure Statement that there was some damage by landslides to adjoining or adjacent property.  However, as of closing in May 2006, there is no evidence that there was any damage to Lot 153 or the surrounding property.  Even if it is assumed that the 2003 road culvert wash was a landslide (which it was not), the testimony of Ruth Mitchell is undisputed that the 2003 road culvert wash was repaired before she closed on her lot. [See Undisputed Fact No. 26.] It is undisputed that there was no damage to Lot 153 or any allegedly adjoining or adjacent property.  Plaintiffs also attempt to rely on the allegation that there was an alleged 2005 landslide in Stevens Point.  However, there is no evidence that Defendant Annette Capps knew or should have known about a landslide ten miles away and been required to disclose the landslide to Plaintiffs.  It is Plaintiffs' burden and Plaintiffs failed to provide one piece of evidence regarding Defendant Annette Capps' knowledge or duty to disclose any information regarding an alleged 2005 Stevens Point slide.  Plaintiffs' reliance on these alleged misrepresentations is unfounded. There is no evidence that the Defendants made intentional misrepresentations or misrepresented in any way the nature of Lot 153, or any of the real property in Diamond Bluff Estates subdivision to Plaintiffs.

Even if these allegations of misrepresentation were supported by some factual underpinnings, Plaintiffs cannot meet the requirement of proof of damages.  Plaintiffs admit that

they have no evidence of actual damage to Lot 153 and instead just assume they have damage, stating: "[t]o see the damage to the road, it just logically makes you wonder." [See Undisputed Fact Nos. 38-39.]  Plaintiffs' evidence that Lot 153 is subject to landslides is based upon the fact that the lot is within Diamond Bluff Estates subdivision. [See Undisputed Fact No. 40.] Plaintiffs also admit that they have no evidence of their allegation that a house should not be built on Lot 153. [See Undisputed Fact No. 42.]  Plaintiffs' alleged damages are a product of assumption and not evidence.  In fact, Plaintiffs have no expert opinion that their property has been damaged as result of the Defendants' alleged misrepresentations.  The discovery cutoff has passed and Plaintiffs failed to produce any expert reports to Defendants pursuant to Rule 26(a)(2).  According to Rule 26(a)(2)(D), Plaintiffs were required to produce expert reports at least 90 days before trial, which was March 24, 2013.  Plaintiffs' damages cannot be conjured up or imagined by the Plaintiffs but the alleged damages are required to be opined to by a knowledgeable expert.  No expert will opine that Plaintiffs have damages related to the alleged misrepresentations made by Defendants in 2006 and their misrepresentation claim must fail. Defendant Annette Capps is entitled to summary judgment on Plaintiffs' misrepresentation claim.

**VII.   IN THE ALTERNATIVE, PLAINTIFFS' CANNOT MEET THEIR BURDEN TO ESTABLISH THE ESSENTIAL ELEMENTS OF THEIR RECISSION CLAIM (COUNT IV) AS TO DEFENDANT ANNETTE CAPPS.**

Plaintiffs allege in Count IV a claim for rescission of the Real Estate Contract.  It is undisputed that Defendant Annette Capps was not a party to the Real Estate Contract.  She did not sign the Real Estate Contract or General Warranty Deed and was not a "contracting party." [See Undisputed Fact No. 3.]  Equity has power to cancel a transaction for mutual mistake by the contracting parties. *Hubbard v. Elam*, 238 Ark. 976, 385 S.W.2d 925 (1965).  Elemental to this

statement of law is that one be a "contracting" party, which Defendant Annette Capps is undisputedly not. Defendant Annette Capps cannot be subject to a rescission claim when she is not even a party to the Real Estate Contract. Any claim for rescission as to Defendant Annette Capps is not viable. Plaintiffs also have absolutely no evidence of any mistake in entering into the Real Estate Contract by this Defendant. Plaintiffs cannot show that Defendant Annette Capps was aware of any landslides or other defects before May 2006, or that Lot 153 was not suitable for building a house. Even if Defendant Annette Capps were a "contracting party", the applicable statute of limitations has expired on Plaintiffs' right to rescind the transaction. The Arkansas Supreme Court opined in *Jones v. Gregg*, 226 Ark. 595, 607-08, 293 S.W.2d 545, 552 (1956) concerning the statute of limitations in a rescission case as follows:

> The law does require, however, that in order to rescind a contract, the rescission itself must be made within a reasonable time after the facts giving rise to the right of rescission arise or become known; and, unless such right to rescission is exercised within a reasonable time after the discovery of the facts justifying the rescission, the party otherwise entitled to rescind will be deemed to have waived this right.

As has been discussed, Plaintiffs could have discovered the 2008 landslide in Diamond Bluff Estates subdivision with the exercise of reasonable diligence. Plaintiffs failed to visit the State of Arkansas or check on their property for five years and that is not reasonable diligence. Failing to request rescission for in excess of five years from the time of purchase of Lot 153 is not reasonable. It is also not a reasonable time period to request rescission more than three years after the Plaintiffs could have discovered the 2008 landslide. Summary judgment must be granted in favor of Defendant Annette Capps as to Plaintiffs' rescission claim.

## VIII.   CONCLUSION

For the reasons discussed herein, Defendant Annette Capps is entitled to summary judgment on all Plaintiffs' claims.

Respectfully submitted,
s/ S. Greg Pittman
Michael James King, OBA #5036
S. Greg Pittman, OBA #18450
WINTERS & KING, INC.
2448 East 81st St., Suite 5900
Tulsa, Oklahoma 74137-4259
(918) 494-6868 Telephone
(918) 491-6297 Facsimile

AND

J. Mark Spradley, ABA#70066
Attorney at Law
8114 Cantrell, Suite 240
Little Rock, Arkansas 72227
(501) 537-4290 Telephone
(501) 219-6895 Facsimile
jmspradley@sbcglobal.net

ATTORNEYS FOR DEFENDANTS
DIAMOND BLUFF ESTATES, LLC and
ANNETTE CAPPS

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on April 15, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System, which will send a notice of electronic filing to all parties receiving electronic notice.

s/ S. Greg Pittman
S. Greg Pittman

14